**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1165
_____

JOHN C. BERKERY, SR.,
                              Appellant

v.

METROPOLITAN LIFE INSURANCE COMPANY;
METLIFE VETERANS AFFAIRS DENTAL INSURANCE PROGRAM, (VADIP)

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-21-cv-00026)
District Judge:  Honorable Karen S. Marston

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2022
Before:  MCKEE, SHWARTZ, and MATEY, Circuit Judges

(Opinion filed: August 31, 2022)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

John Berkery, Sr., proceeding pro se, appeals from the District Court's order dismissing his complaint for lack of subject matter jurisdiction. For the following reasons, we will affirm, with one modification.

In January 2021, Berkery filed a complaint in the United States District Court for the Eastern District in Pennsylvania. He alleged that his dental insurance provider breached its contract with him, committed common law fraud, and violated multiple Pennsylvania statues in denying him benefits and seeking reimbursement for overpaid funds. Berkery sought compensatory damages in the amount of $1,200 and punitive damages "in excess of $75,000." ECF No. 2 at 18. The District Court sua sponte dismissed the complaint for lack of subject matter jurisdiction. Berkery appealed.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the District Court's dismissal for lack of subject matter jurisdiction. Metro. Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007).

Berkery contends that the District Court had diversity jurisdiction over the matter and that the District Court misapprehended the law in concluding otherwise.[1] District courts exercise diversity jurisdiction where the parties are citizens of different states and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). A plaintiff invoking diversity jurisdiction bears

---

[1] In his complaint, Berkery alleged that the District Court also had jurisdiction under 28 U.S.C. § 1331 because his case arises under federal law, but he has abandoned that argument on appeal.

the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  See Auto-Owners Ins. Co. v. Stevens & Ricci Inc., 835 F.3d 388, 395 (3d Cir. 2016).  Typically, the sum alleged by the plaintiff in the complaint controls.  See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938).  However, "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed . . . the suit will be dismissed."  Id. at 289.

Here, the District Court properly concluded that Berkery had not satisfied the amount-in-controversy requirement necessary to confer diversity jurisdiction.  Berkery alleged "actual damages" of $1,200—the claimed insurance overpayment that the defendants sought.  While Berkery also sought over $75,000 in punitive damages, an award of that amount would result in an approximate ratio of 62 to 1 between punitive and compensatory damages.[2]  Such a drastic ratio between punitive and compensatory damages would almost certainly violate the Constitution.  See State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 425 (2003) ("[I]n practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process.").  And, even if we construe Berkery's complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), we do not discern any indication that an unusually high punitive-damages award would be appropriate here.  See CGB

---

[2] Berkery also stated that he was entitled to incidental damages, but he did not ask for specific incidental damages, and none can be inferred from the allegations in his amended complaint.  Additionally, although he also sought interest and costs, as we noted, they are excluded from the calculation of the amount in controversy.  See 28 U.S.C. § 1332.

Occupational Therapy, Inc. v. RHA Health Servs., Inc., 499 F.3d 184, 192–93 (3d Cir. 2007) (determining that a ratio of over 18 to 1 was unconstitutional where there were no "special circumstances" to justify it).  Thus, it is apparent from the face of the complaint that Berkery cannot recover the amount of punitive damages claimed.  See Anthony v. Sec. Pac. Fin. Servs., Inc., 75 F.3d 311, 317-18 (7th Cir. 1996).  The District Court's dismissal of the complaint was accordingly proper.

While we agree with the District Court's decision to dismiss Berkery's complaint for lack of subject matter jurisdiction, the dismissal should have been without prejudice. See N.J. Physicians, Inc. v. President of U.S., 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissals for lack of subject matter jurisdiction are "by definition without prejudice").  Accordingly, we modify the District Court's order to dismiss the complaint without prejudice.  With that modification, we will affirm the District Court's ruling.